IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

EDWARD G. SHLIKAS,                 *

    Plaintiff,                   *

    v.                             CIVIL NO.: WDQ-14-1647

UNITED STATES DEPARTMENT
OF EDUCATION,                 *

    Defendant.                 *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

MEMORANDUM OPINION

Edward G. Shlikas, *pro se*, petitioned for judicial review of an administrative decision by the United States Department of Education ("DOE"). The Court ordered briefing under the Administrative Procedures Act ("APA").[1] After briefing, Shlikas's moved for summary judgment. For the following reasons, the case will be dismissed, and Shlikas's motion for summary judgment will be denied as moot.

I.   Background[2]

Between 1988 and 1990, Shlikas obtained three subsidized Federal Family Educational Loans (FFEL-Stafford Loans) to attend

---

[1] 5 U.S.C. § 701, *et seq.*

[2] The facts are taken from Shlikas's prior case before this Court and the administrative record. Judicial review under the APA "is limited to the administrative record before the agency when it makes its decision." *Trinity Am. Corp. v. U.S. Envtl. Prot. Agency*, 150 F.3d 389, 401 n. 4 (4th Cir. 1998).

the University of Delaware. ECF No. 10-2 at 3. In 1996, Shlikas obtained two additional FFEL Loans to attend the Wake Forest University law school. *Id.* at 4. Shlikas defaulted on all five loans, and the guarantors paid the lender insurance claims. *Id.*

On September 25, 2009, Shlikas sued the DOE and the lender for due process violations. *Shlikas v. Dep't of Educ.*, No. 09-2806, 2013 WL 2149752, at *1-2 (D. Md. May 15, 2013). After the case was filed, the guarantors assigned Shlikas's accounts to the DOE.[3] *Id.* Between September 2010 and September 2011, the DOE garnished a portion of Shlikas's property to pay the debts. ECF No. 10-2 at 6.

While Shlikas's case was still pending before this Court, Shlikas undertook DOE administrative review of the debt. ECF No. 10-2. Although the DOE rejected Shlikas's request for an in-person hearing, Shlikas was permitted to file objections and evidence with the DOE and was provided with the records he had requested. *See* ECF No. 10-2 at 11-13. Shlikas presented the following objections for administrative review: 1) he had already repaid his student loan debt; 2) the debt was artificially and unlawfully inflated with penalties, fees, and

---

[3] The guarantors of the law school loans assigned Shlikas's account to the DOE in 2009, and the guarantor of the three undergraduate loans assigned Shlikas's account to the DOE in 2011. ECF No. 10-2 at 4.

costs; 3) the lender was paid by the guarantor and, therefore, he no longer owed any money on the loans; and 3) he owed nothing on the law school loans "because Wake Forest University barred [him] from continuing [his] education and prevented [him] from graduating with a law degree and becoming a lawyer." *Id.* at 1-2.

On November 28. 2011, the DOE issued a 13-page administrative decision rejecting Shlikas's objections and finding that he owed a principal of $27,364.55 and interest of $301.44. ECF No. 10-2 at 1. On January 30, 2012, Shlikas made a request for reconsideration of the rule, which the DOE denied on March 7, 2012. *Id.* at 118-122. The DOE amassed an administrative record of 285 pages on Shlikas's case. ECF Nos. 10-2, 20.

On May 15, 2013, this Court issued partial summary judgment for the DOE in Shlikas's pending suit. *Shlikas*, 2013 WL 2149752, at *1-2. Shlikas had requested a declaratory judgment that he owed no debt to the DOE and argued that the collection of the debt violated due process because "he was required to attend in person hearings in places where he had not had minimum contacts, and he did not receive appropriate notice of his right to seek judicial review." *Id.* at *5. The Court concluded that "Shlikas's due process rights [were] not [] implicated," and "Shlikas clearly [was] not entitled to a declaration that he

3

owe[d] nothing on the student loans. Not only [did] he fundamentally misconstrue[] how interest is accrued and paid, he also relie[d] on different interest rates than the loans actually bore." *Id.* at *7. The Court noted that Shlikas had an alternate remedy: judicial review of the DOE's determination, noting that "[t]his would be significantly more efficient than the Court's undertaking its own full review of the issue . . . . The Court sees no useful purpose in deciding the amount of Shlikas's debt when he has now undertaken administrative review that he has not yet judicially challenged." *Id.* On November 21, 2013, the Fourth Circuit affirmed the Court's decision. *Shlikas v. SLM Corp., et al.*, 546 Fed. App'x 290 (4th Cir. 2013).

On April 21, 2014, Shlikas filed a "Petition for Judicial Review" in the District Court of Maryland for Baltimore County. ECF Nos. 1-2. Shlikas sought review of the DOE's November 28, 2011 administrative decision, declaratory judgment that he owed no debt, and asserted many of the due process allegations that this Court had rejected. ECF No. 2. The DOE removed the case to this Court. ECF No. 1. On June 11, 2014, the Court ordered Shlikas to "file his opening brief under the standards of the Administrative Procedure[s] Act to explain his views as to why the Agency's administrative decision should be vacated." ECF

No. 13. The Court also set a schedule for the DOE's responsive brief.[4] *Id.*

On July 29, 2014, Shlikas filed his opening brief. ECF No. 18. However, instead of addressing the agency decision under the APA, Shlikas asserted his due process arguments. *Id.* On August 26, 2014, the DOE filed its responsive brief. ECF No. 21. On March 26, 2015, Shlikas moved for summary judgment. ECF No. 22.

II. Analysis

"Under the Administrative Procedure Act ("APA"), federal courts can overturn an administrative agency's decision only if it is 'arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law,' or 'unsupported by substantial evidence.'" *Knox v. U.S. Dep't of Labor*, 434 F.3d 721, 723-24 (4th Cir. 2006) (quoting 5 U.S.C § 706(2)(A),(E)). "Substantial evidence is evidence that a reasonable person would accept as adequate to support a finding." *Mackenzie Med. Supply v. Leavitt*, 419 F.Supp.2d 766, 773 (D. Md. 2006).

This review is "necessarily a limited one" and should "not undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [the Court's] judgment for that of

---

[4] After the Court's order, Shlikas filed an alternative proposed schedule which the Court did not adopt. ECF No. 16. In his proposed schedule, Shlikas represented that this case would be properly resolved under the APA. *See* ECF No. 16 at 4.

the [agency]." *Almy v. Sebelius*, 679 F. 3d 297, 302 (4th Cir. 2012) (quoting *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996)).[5] It is the plaintiff's burden to establish that the agency action was arbitrary and capricious, and review "is generally confined to the administrative record." *Fort Sumter Tours, Inc. v. Babbitt*, 66 F.3d 1324, 1335-36 (4th Cir. 1995); see also *Johnson v. Spellings*, No. PJM 07-671, 2008 WL 8183822, at *4 (D. Md. July 11, 2008).

Here, Shlikas has not carried his burden. In his brief, Shlikas ignores the administrative record and, instead, restates the arguments that this Court rejected in his prior case against the DOE. *See* ECF No. 18; *Shlikas v. Dep't of Educ.*, No. 09-2806, 2013 WL 2149752, at *5-7 (D. Md. May 15, 2013). The Court will not address these arguments again. *See Serna v. Holder*, 559 F. App'x 234, 236-37 (4th Cir. 2014).

Further, to the extent that Shlikas is asserting that the DOE administrative determination violated his due process rights because he was not permitted an in-person hearing, such an argument has no basis. "The essential requirements of due

---

[5] *See also Bowman Transp., Inc. v. Arkansas-Best Freight Sys., Inc.*, 419 U.S. 281, 285 (1974) ("A reviewing court must consider whether the decision was based on a consideration of the relevant factors and whether there has been a clear error of judgment . . . . Although this inquiry into the facts is to be searching and careful, the ultimate standard of review is a narrow one. The court is not empowered to substitute its judgment for that of the agency.") (internal quotation omitted).

process . . . are notice and an opportunity to respond. The opportunity to present reasons, either in person *or in writing*, why proposed action should not be taken is a fundamental due process requirement." *Cleveland Bd. of Educ. V. Loudermill*, 470 U.S. 532, 546 (1985). "When written submissions are an adequate means to resolve the dispute and credibility is not at issue, an in person hearing is generally not required by due process." *Shlikas*, 2013 WL 2149752, at *5 n.25. The DOE gave a proper hearing according to 30 C.F.R. § 30.24(e). Shlikas was afforded the opportunity to object, write briefs, and present exhibits, and he availed himself of this right. The DOE's administrative hearing afforded Shlikas all his due process guarantees.

Although Shlikas failed to address the administrative record, the Court reviewed the record on its own accord. The DOE provided promissory notes, payment histories, and voluminous exhibits supporting its findings, as well as Shlikas's exhibits and submissions. *See* ECF Nos. 10, 20. There is simply no evidence supporting the conclusion that the DOE's finding was arbitrary and capricious or violated the law.[6] *See Johnson*, 2008

---

[6] Shlikas's main arguments to the DOE were based on faulty logic. For example, he argued that because he was expelled from law school, he should not have to pay any money he borrowed to attend law school, and that because his guarantor paid the lender he should not have to pay the guarantor. *See* ECF No. 10-2 at 1-2.

WL 8183822, at *4. Accordingly, Shlikas has failed to carry his burden, and the Court will dismiss the case.[7]

III. Conclusion

For the reasons stated above, the Court will dismiss this case, and Shlikas's motion for summary judgment will be denied as moot.

_____6/22/15_____　　　　　　　　　_____/s/_____
Date　　　　　　　　　　　　　　　William D. Quarles, Jr.
　　　　　　　　　　　　　　　　　United States District Judge

---

[7] Because the Court is dismissing the case under the APA based on the parties' briefs, Shlikas's subsequent motion for summary judgment will be denied as moot.